*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JERRY REIGHARD,

UNPUBLISHED
May 26, 2022

Plaintiff-Appellant,

v

No. 358196
Court of Claims
LC No. 21-000056-MK

CENTRAL MICHIGAN UNIVERSITY,

Defendant-Appellee.

NATHAN JONAITIS,

Plaintiff-Appellant,

v

No. 358759
Court of Claims
LC No. 20-000188-MK

CENTRAL MICHIGAN UNIVERSITY,

Defendant-Appellee.

Before: GADOLA, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

In these consolidated cases,[1] plaintiffs appeal by right separate orders of the Court of Claims granting defendant's motions for summary disposition under MCR 2.116(C)(7) (governmental immunity). In both cases, the Court of Claims dismissed the complaints for failure to comply with the requirements of MCL 600.6431. Both plaintiffs advance the same argument

---

[1] *Reighard v Central Mich Univ*, unpublished order of the Court of Appeals, entered November 29, 2021 (Docket No. 358196); *Jonaitis v Central Mich Univ*, unpublished order of the Court of Appeals, entered November 29, 2021 (Docket No. 358759).

on appeal: that MCL 600.6431 was inapplicable because defendant is a university and not the State of Michigan. We affirm.

## I. BACKGROUND

Plaintiffs, Jerry Reighard and Nathan Jonaitis, were terminated from their respective employment with defendant. Reighard advanced claims of age discrimination and breach of his employment contract, and Jonaitis advanced claims of disability discrimination and breach of his employment contract. Plaintiffs' claims were initially filed in the Isabella Circuit Court, but each breach of contract claim was subsequently transferred to the Court of Claims. Plaintiffs do not contest that, throughout the proceedings, they never complied with MCL 600.6431's notice or verification requirements. Defendant filed motions for summary disposition in both cases under MCR 2.116(C)(7), and the Court of Claims granted each motion for failure to comply with MCL 600.6431. Plaintiffs now appeal, arguing that their claims were not subject to the requirements of MCL 600.6431.

## II. ANALYSIS

### A. STANDARD OF REVIEW

"This Court reviews de novo a trial court's grant of summary disposition as well as the applicability of governmental immunity and the statutory exceptions to immunity . . . ." *Pike v Northern Mich Univ*, 327 Mich App 683, 690; 935 NW2d 86 (2019) (citation omitted; alteration in original). Similarly, this Court reviews de novo the interpretation and application of statutes and court rules. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). A motion is properly granted pursuant to MCR 2.116(C)(7):

> if a claim is barred because of immunity granted by law. "The contents of the complaint must be accepted as true unless contradicted by the documentary evidence." Any documentary evidence is viewed in the light most favorable to the nonmoving party. A factual dispute about whether a plaintiff's claim is barred precludes summary disposition. If there is no factual dispute, a trial court must determine whether summary disposition is appropriate under MCR 2.116(C)(7) as a matter of law. [*Pike*, 327 Mich App at 690-691 (citations omitted).]

### B. MCL 600.6431

Plaintiffs argue that the Court of Claims erred by granting summary disposition because MCL 600.6431 does not apply to state entities such as a university. We disagree.

"[T]he state is immune from suit unless, and only to the extent that, it consents to be sued[.]" *Tyrrell v Univ of Mich*, 335 Mich App 254, 261; 966 NW2d 219 (2020) (quotation marks and citation omitted; alterations in original). However, "[t]he Legislature can, and has, abrogated the state's sovereign immunity by enacting legislation consenting to suit." *Tyrrell*, 335 Mich App at 261 (quotation marks and citation omitted). The Legislature has also established conditions precedent to pursuing a claim against the state. *Fairley v Dep't of Corr*, 497 Mich 290, 292; 871

NW2d 129 (2015). Those conditions are set forth in MCL 600.6431, which provides in relevant part:

> (1) Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

> (2) A claim or notice under subsection (1) must contain all of the following:

> \* \* \*

> (d) A signature and verification by the claimant before an officer authorized to administer oaths.

> (3) A claimant shall furnish copies of a claim or notice filed under subsection (1) to the clerk at the time of filing for transmittal to the attorney general and to each of the departments, commissions, boards, institutions, arms, or agencies of this state designated in the claim or notice.

"Claims against the state authorized under this act shall be brought in the manner provided in [the Revised Judicature Act]," which includes MCL 600.6431. *Tyrrell*, 325 Mich App at 263, quoting MCL 691.1410(1) (quotation marks omitted). Therefore, failure to comply with MCL 600.6431 "implicate[s] governmental immunity." *Tyrrell*, 325 Mich App at 263. See also *Fairley*, 497 Mich at 297. A plaintiff must strictly comply with MCL 600.6431, and failure to do so bars a plaintiff's claims on the basis of governmental immunity. See *Fairley*, 497 Mich at 293, 297-301.

Our Supreme Court has previously stated that "MCL 600.6431 is a cohesive statutory provision in which all three subsections are connected and must be read together" and not in isolation. *McCahan v Brennan*, 492 Mich 730, 739; 822 NW2d 747 (2012). Furthermore, "[w]hen undertaking statutory interpretation, the provisions of a statute should be read reasonably and in context." *Id*. Additionally, "[w]hen interpreting a statute, [this Court] must ascertain the Legislature's intent," which is accomplished "by giving the words selected by the Legislature their plain and ordinary meanings, and by enforcing the statute as written." *Griffin v Griffin*, 323 Mich App 110, 120; 916 NW2d 292 (2018) (quotation marks and citation omitted). If a statute is unambiguous, it must be applied as plainly written. *McQueer v Perfect Fence Co*, 502 Mich 276, 286; 971 NW2d 584 (2018). This Court may not read something into the statute "that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Id*. (quotation marks and citation omitted).

A plain reading of the challenged statute does not support plaintiffs' position. Although it is true that the initial portion of MCL 600.6431(1) references claims "against this state," the later portion of the subsection references claims "against this state or any of its departments, commissions, boards, institutions, arms, or agencies." The statute plainly provides that notice must be given for claims against either the state or state entities. If plaintiffs' interpretation were correct, the later portion of the subsection would be meaningless. Furthermore, this subsection cannot be read in isolation. Subsection (3) plainly requires that "claim[s] or notice[s]" be given to "each of

the departments, commissions, boards, institutions, arms, or agencies of this state designated in the claim or notice." If only the state itself was covered, subsection (3) would not reference other state entities.

Despite this, plaintiffs contend that our prior decision in *Pike* supports their position and mandates reversal. However, *Pike* addressed only whether MCL 600.6431 applies to claims against individual state employees. *Pike* did not address whether the statute applies to a claim against a university. Moreover, as this Court has previously stated, "[t]o the extent that statements from *Pike* suggest that a plaintiff need not comply with MCL 600.6431 for a claim against a state institution, the statements are clearly obiter dictum." *Tyrrell*, 335 Mich App at 267.

Finally, both this Court and our Supreme Court have consistently applied MCL 600.6431 to state entities. See, e.g., *Fairley*, 497 Mich at 292 (applying MCL 600.6431 to the Department of Corrections); *McCahan*, 492 Mich at 751-752 (applying MCL 600.6431 to a university); *Elia Cos, LLC v Univ of Mich Regents*, 335 Mich App 439, 445-457; 966 NW2d 755 (2021) (applying MCL 600.6431 to a state university). Furthermore, plaintiffs ignore the fact that, earlier in the *Pike* opinion, this Court *did* apply MCL 600.6431 to a university when it held that the plaintiff failed to comply with MCL 600.6431 because he failed to file his complaint "within 120 days from the time the injury occurred," rendering his claim barred by governmental immunity. *Pike*, 327 Mich App at 692-694.

Reighard filed his action beyond the one-year requirement and both plaintiffs failed to verify their complaints, as required under MCL 600.6431. Plaintiffs thus indisputably did not comply with MCL 600.6431. Even if MCL 600.6431 did not apply to defendant, MCL 600.6434 undisputedly would, and MCL 600.6434 also requires verification of the complaints. See *Progress Mich v Attorney General*, 506 Mich 74, 91; 954 NW2d 475 (2020). Plaintiffs took *no* steps whatsoever to amend their complaints to comply with either MCL 600.6431 or MCL 600.6434. Cf. *Progress Mich*, 506 Mich at 82 (plaintiff filed an amended complaint that was signed and verified); *Elia Cos, LLC*, 335 Mich App at 444-445, 458 (plaintiff attempted to verify the complaint through an affidavit). Accordingly, the grant of summary disposition and subsequent dismissal of their claims in the Court of Claims was not erroneous.

Affirmed.

/s/ Michael F. Gadola
/s/ Deborah A. Servitto
/s/ James Robert Redford